917 F.2d 1304
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gertrude BURKETT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-1347.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1990.
 
 Before MERRITT, Chief Judge; BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ms. Burkett appeals the district court's grant of summary judgment upholding the Secretary's decision to deny disability benefits. We affirm.
 
 
 2
 Ms. Burkett applied for disability insurance benefits on December 10, 1985, asserting that heart problems, hypertension, arthritis, and spinal disease made it impossible for her to work. The administrative law judge concluded that Ms. Burkett's physical impairments did not render her disabled. The administrative law judge's conclusion became the Secretary of Health and Human Service's final decision when the Appeals Council denied review on August 30, 1988. Ms. Burkett then filed a claim in federal district court. The district court granted summary judgment in favor of the Secretary and this appeal followed.
 
 
 3
 Our review of the Secretary's decision that Ms. Burkett is not disabled is limited to an inquiry of whether "substantial evidence" supports the decision. 42 U.S.C. Sec. 405(g); McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1001 (6th Cir.1988). This standard has been defined by the Supreme Court as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). This standard has been met.
 
 
 4
 Ms. Burkett's primary complaints of disability are related to pain in the neck and back area and in her hands; however, she made only one visit to a "treating physician." Other physicians were consulted. Dr. John S. Campbell examined her on March 25, 1986, and he concluded:
 
 
 5
 (her) main problem, and the cause of her cervical soreness and stiffness is moderate midcervical spondylosis ... (She) has aching stiffness in her spine secondary to degenerative changes in these areas, secondary to both age and to obesity, not severe but symptomatic. This is true also in the carpometacarpal joints of each thumb, more symptomatic on the left but not severe. I have told her that this is not a serious problem.
 
 
 6
 Dr. Holen examined her on August 11, 1987, and determined: "[her] orthopedic evaluation is surprisingly normal from an objective standpoint despite the patient's complaints." He found no evidence of significant arthritic or degenerative change.
 
 
 7
 The administrative law judge also determined that Ms. Burkett did not appear to be "fully credible." "[D]eterminations of credibility related to subjective complaints rest with the ALJ." Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 852 (6th Cir.1986).
 
 
 8
 After noting that Ms. Burkett does suffer from a medical problem the district court correctly stated, "[t]he issue is whether or not there is substantial evidence in the record to support the ALJ's conclusion that plaintiff's medical condition is not so severe that it renders her unable to perform the jobs which the ALJ concluded she was able to perform." We agree with the district court's determination that substantial evidence does exist and affirm the grant of summary judgment.